1  Mark D. Lytle*
   mlytle@nixonpeabody.com
2  NIXON PEABODY LLP
   799 9th Street NW, Suite 500
3  Washington, DC 20001-5327
   Tel: (202) 585-8000
4  Fax: (202) 585-8080
   *Pro Hac Vice forthcoming
5
   Aaron M. Brian (State Bar No. 213191)
6  abrian@nixonpeabody.com
   NIXON PEABODY LLP
7  300 S. Grand Avenue, Suite 4100
   Los Angeles, CA  90071-3151
8  Tel:  213-629-6000
   Fax:  213-629-6001
9
   Attorneys for Defendant
10 NO LABELS

11                  UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13

14
   RAE STEWARD,                       Case No. 24-mc-80209-SVK
15
              Plaintiff,              **DECLARATION IN SUPPORT OF**
16                                    **ADMINISTRATIVE MOTION TO**
                                      **CONSIDER WHETHER ANOTHER**
17      vs.                           **PARTY'S MATERIAL SHOULD BE**
                                      **SEALED**
   NO LABELS,
18                                    (Related to Case No. 1:23-cv-01384 (GBW)
              Defendant.              (SLC), pending in the United States District
19                                    Court for the District of Delaware)

20
           I, Aaron M. Brian, declare:
21
           1.      I am counsel of record of Defendant No Labels ("Defendant" or "No Labels").  I
22
   make this declaration in support of Defendant's Administrative Motion to Consider Whether
23
   Another Party's Material Should Be Sealed filed on September 3, 2024.  I have personal
24
   knowledge of the facts stated herein and, if called as a witness, I could and would competently
25
   testify thereto.
26

27

28

2.      Attached as **Exhibit A** is a true and correct copy of the Stipulated Protective Order that was entered by the U.S. District Court for the District of Delaware in the case of *No Labels v. No Labels.com Inc.*, case No. 23-cv-01384, (the "Underlying Action") on January 25, 2024.

3.      No Labels has filed conditionally under seal Exhibit Number B as this document was designated Confidential, in its entirety, by non-party Lucy Caldwell (the "Designating Party") in the related action pending in the U.S. District Court for the District of Delaware, titled, *No Labels v. Nolabels.com Inc.*, Case No. 23-cv-01384.

4.      No Labels has also filed conditionally under seal an unredacted version of the Opposition to Rae Steward's Motion to Quash or for Protective Order.  The Opposition contains quotes and/or summaries of material that has been marked Confidential by the Designating Party.

5.      Counsel for the No Labels and counsel for the Designating Party have met and conferred regarding the confidentiality of Exhibit B.  The Designating Party's counsel advised that Exhibit B should maintain its designation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 3, 2024, at Los Angeles, California.

     */s/Aaron M. Brian*
            Aaron M. Brian

4859-1219-7598.1

DECLARATION IN SUPPORT OF
ADMINISTRATIVE MOTION
24-MC-80209-SVK

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NO LABELS,

    *Plaintiff,*

  v.

NOLABELS.COM INC.,

    *Defendant.*

Case No. 1:23-cv-01384-GBW

### <u>STIPULATED PROTECTIVE ORDER</u>

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the parties having stipulated to the terms of this Protective Order, and for good cause shown, it is hereby ORDERED that the discovery in this matter shall be subject to the terms of this Protective Order:

1.  The following procedure shall govern the production of all materials during discovery in this action, including but not limited to, answers to interrogatories, requests for admissions, all documents produced by parties or non-parties, responses to subpoenas *duces tecum*, deposition testimony, and information contained therein, and information provided during any settlement discussions (hereinafter collectively "Discovery Materials").

2.  Any party or non-party may designate any Discovery Materials produced or disclosed by such party as "Confidential" or "Attorneys' Eyes Only" pursuant to the standards set forth below:

a.   Discovery Materials may be designated as "Confidential" if the producing party believes in good faith that such information is sensitive and/or proprietary and is not publicly available or has not previously been disclosed to the public or third parties.

b.   Discovery Materials may be designated as "Attorneys' Eyes Only" if the producing party believes in good faith that such information contains highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or business or competitive position of the designating company. Attorneys' Eyes Only information can include past, current or future business plans and practices, financial information, or information regarding products not released or announced to the public, non-public proprietary product development information, customer lists, pricing information, financial data, including but not limited to profits and sales figures, and product designs or otherwise constitutes and contains trade secrets or other confidential research, marketing plans, packaging design, advertising

2

expenditures, or other such development or sensitive commercial information.

3.     Discovery Materials designated "Confidential" shall be maintained in confidence by the party to whom such discovery materials are produced or given, shall be used solely in connection with this action, and shall not be used in any other action or proceeding, and shall not be disclosed to any person except:

    a.     the Court, its officers and employees, any court or stenographic reporters who transcribe testimony at depositions, hearings or trial, and any translators needed to translate documents into English;

    b.     outside counsel of record and employees of outside counsel of record who are reasonably necessary to assist such counsel;

    c.     Party employees, directors, officers or agents assisting with the preparation of this civil action;

    d.     third parties engaged by counsel or the parties to assist in this litigation including experts, vendors, copy services, contractors, investigators, consultants and advisors, pursuant to paragraph 5 hereto and provided that each such person has signed an undertaking in the form of Exhibit A attached hereto;

3

        e.     any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting.

4.     Discovery Materials designated "Attorneys' Eyes Only" shall be maintained in confidence by outside counsel of record to the party to whom such discovery materials are produced or given, shall be used solely in connection with this action, and shall not be used in any other action or proceeding, and shall not be disclosed to any person except:

        a.     the Court, its officers and employees, any court or stenographic reporters who transcribe testimony at depositions, hearings or trial, and any translators needed to translate documents into English;

        b.     outside counsel of record and employees of outside counsel of record who are reasonably necessary to assist such counsel;

        c.     third parties engaged by counsel or the parties to assist in this litigation including experts, vendors, copy services, contractors, investigators, consultants and advisors, pursuant to paragraph 5 hereto and provided that each such person has

4

signed an undertaking in the form of Exhibit A attached hereto; and

    d.    any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting.

5.    Notwithstanding Paragraphs 3(d) and 4(c) above, Discovery Materials designated "Confidential" or "Attorneys' Eyes Only" may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this litigation, provided that such expert or consultant is using said Discovery Materials solely in connection with this litigation, and further provided that such expert or consultant agrees to be bound by the terms of this Stipulation by signing an undertaking in the form of Exhibit A attached hereto.

6.    Nothing in this Protective Order shall be taken as indicating that any Discovery Materials are in fact "Confidential" or "Attorneys' Eyes Only" or entitled to confidential treatment. Agreement to this Protective Order is without prejudice to any party seeking an order from this Court or from a Special Master appointed by the Court imposing further restrictions on the dissemination of "Confidential" or "Attorneys' Eyes Only" material, or seeking to rescind, modify, alter or amend this Protective Order with respect to specific materials. Either party may at any time seek an order from the Court

or Special Master determining that specified Discovery Materials or categories of discovery materials are not entitled to be treated as "Confidential" or "Attorneys' Eyes Only." Nothing in this paragraph shall change any party's burden of proof on any motion including, in particular, the burden of the designating party to establish that any document, material, or information is entitled to protection from disclosure as "Confidential" or "Attorneys' Eyes Only." Nothing in this Protective Order shall prevent the parties from agreeing in writing to give greater or lesser protection to particular information or Discovery Materials previously designated as "Confidential" or "Attorneys' Eyes Only." The parties shall in good faith discuss any such requests for re-designation in an effort to come to an agreement concerning any such request prior to seeking intervention from the Court or Special Master. If a party disputes the designation of any document as "Confidential" or "Attorneys' Eyes Only," the objecting party shall serve on the designating party a written objection, which shall describe with particularity each document or thing, or category of document or thing, in question and the grounds for objection. Counsel for the designating party shall respond in writing to such objection within two (2) business days and shall state with particularity the grounds for asserting that the document is appropriately designated "Confidential" or "Attorneys' Eyes Only." If the designating party makes a timely response to an objection to the appropriate designation, then the parties shall in good faith attempt to resolve the dispute. If the parties are unable to agree as to the appropriate designation

of the document or thing, they shall conduct a good faith meet-and-confer within one business day. If the parties remain unable to reach agreement or compromise, counsel for the party challenging the designation shall promptly present the dispute to the Court or Special Master seeking an order determining the appropriate designation for the material. If the dispute is presented to the Special Master, the Special Master shall endeavor to promptly hear and rule on the dispute. The burden rests upon the party seeking confidentiality to demonstrate that the designation is proper. The document in question shall retain its original designation until the Court or Special Master rules otherwise.

    a.    No designation of "Confidential" or "Attorneys' Eyes Only" material shall be effective unless there is placed or affixed on each page of such materials a "Confidential" or "Attorneys' Eyes Only" notice, provided such notice can easily be made. Any confidential designation that is inadvertently omitted, or any document that is subject to the attorney-client privilege, the work product immunity, or any other relevant privilege or immunity, that is inadvertently produced during document production, may be corrected by written notification to opposing counsel, as governed by Fed. R. Civ. P. 26.

b.    Testimony given at a deposition may be designated as "Confidential" or "Attorneys' Eyes Only" by an appropriate statement at the time of the giving of such testimony or designating within five (5) calendar days after receipt of the transcript of the deposition, which period may reasonably be extended by agreement of the parties. If such designation is made at the time of the deposition, the testimony shall be taken only in the presence of those persons authorized to have access to such "Confidential" or "Attorneys' Eyes Only" material in accordance with this Protective Order. Deposition transcripts containing material designated "Confidential" or "Attorneys' Eyes Only" shall be separately bound and appropriately marked with the words set forth above, but will keep the same pagination as if the testimony did not contain material designated "Confidential" or "Attorneys' Eyes Only." All electronic copies of deposition testimony containing material designated "Confidential" or "Attorneys' Eyes Only" shall contain a header on each page appropriately identifying the testimony.

8

7.      All Discovery Materials, whether designated "Confidential", or "Attorneys' Eyes Only" or not so designated, shall be used solely for the prosecution or defense of the claims in connection with this action and shall not be used for any business, commercial, competitive, personal or other purpose absent agreement of the parties or leave of Court or Special Master.  This limitation shall not prevent either party from obtaining any materials designated herein as "Confidential" or "Attorneys' Eyes Only" for use in any other proceeding provided, however, that these materials are obtained other than through discovery in this civil action and are obtained pursuant to any other lawful procedure, means or rule.

8.      Within thirty (30) days of the conclusion of this case, including the exhaustion of all appeals, all "Confidential" and "Attorneys' Eyes Only" material produced by a party or non-party, and all copies thereof, shall be returned to that party or non-party.  Alternatively, counsel of record shall certify in writing that all such material has been destroyed except that outside counsel of record for each party may retain a complete set of the pleadings inclusive of all "Confidential" and "Attorneys' Eyes Only" material for its files, provided those files are maintained under a comparable level of security afforded to sensitive client files.

9.      Documents containing information designated "Confidential" or "Attorneys' Eyes Only" (collectively "Confidential Information") shall be filed with the court under seal.  Alternatively, if a party uses Confidential Information

in a filing with the court, that party may: (a) redact the Confidential Information from the publicly filed documents; or (b) withhold the Confidential Information entirely from the public filing, provided applicable procedural rules are followed.  If the Confidential Information is redacted or withheld in its entirety, such withholding is subject to a subsequent ruling by the Court or Special Master on whether or not the Confidential Information should be filed under seal.

10.     The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

        a.     was, is or becomes public knowledge, not in violation of this Protective Order;

        b.     is acquired by the non-designating party from a third party having the right to disclose such information or material; or

        c.     was lawfully possessed by the non-designating party prior to entry by the Court of this Protective Order.

11.     The parties agree that the inadvertent production of any document or any inadvertent statement at a deposition that would be protected from disclosure pursuant to the attorney-client privilege, the work product immunity or any other relevant privilege or immunity shall not constitute waiver of the applicable privilege or doctrine, as provided by Fed. R. Civ. P. 26.  If any such document is inadvertently

produced, the recipient of the document agrees that, upon a reasonably timely and good faith request from the producing party, it will promptly return all copies of the document in its possession, delete any versions of the documents on any database it maintains and make no use of the information contained in the document, provided, however, that the party returning such document shall have the right to apply to the Court or Special Master for an order that such document is not protected from disclosure by any privilege.

12.     By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that the information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

13.     If a Party is served with a subpoena or a court order that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," that Party must: (1) promptly notify in writing the Designating Party, with such notification to include a copy of the subpoena or court order; (2) promptly notify in writing the party who

11

caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, with such notification to include a copy of this Protective Order; and (3) cooperate in good faith with the Designating Party in any reasonable and appropriate measures that the Designating Party may take to protect the Protected Material from disclosure. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," before a determination by the court from which the subpoena or order issued, or the Court or Special Master in this case, unless the Party has obtained the Designating Party's permission.

14.     This Protective Order shall apply not only to the parties to this action, but also to the production of documents, to depositions and to other discovery of third parties in this action from whom Discovery Materials are sought and who have a valid concern about the sensitivity of its/their information.

15.     The parties agree to submit this Protective Order for entry by the Court and to be bound by its terms prior and subsequent to entry by the Court.

16.     The Court retains jurisdiction over the parties after the dismissal of this action regarding any dispute concerning the improper use of information disclosed under protection of this Protective Order.

17.     Notwithstanding the preceding sentence, all obligations and duties arising under this Protective Order shall forever survive the termination of this action.

[signature page follows]

Dated: January 24, 2024

**HALLORAN FARKAS + KITTILA LLP**

*/s/ William E. Green, Jr.*
Theodore A. Kittila (Bar No. 3963)
William E. Green, Jr. (Bar No. 4864)
5801 Kennett Pike, Suite C/D
Wilmington, Delaware 19807
Phone: (302) 257-2025
Fax: (302) 257-2019
Email: tk@hfk.law

*Of Counsel:*

Mark D. Lytle (*pro hac vice*)
**NIXON PEABODY LLP**
799 9th Street NW, Suite 500
Washington, DC 20001
Tel: (202) 585-8435
Email: mlytle@nixonpeabody.com

Jason C. Kravitz (*pro hac vice*)
Leslie E. Hartford (*pro hac vice*)
Exchange Place, 53 State Street
Boston, Massachusetts 02109
Tel: (617) 345-1318
Email: jkravitz@nixonpeabody.com
          lhartford@nixonpeabody.com

Bradley J. Schlozman (*pro hac vice*)
**HINKLE LAW FIRM LLC**
1617 North Waterfront Parkway, Suite 400
Wichita, KS 67206-6639
Phone: (316) 660-6296
Email: bschlozman@hinklaw.com

*Counsel for Plaintiff*

**BALLARD SPAHR LLP**

*/s/ Elizabeth S. Fenton*
Elizabeth S. Fenton (Bar No. 5563)
919 N. Market Street, 11th Floor
Wilmington, Delaware 19801
Phone: (302) 252-4465
Email: fentone@ballardspahr.com

-and-

Mark M. Billion (Bar No. 5263)
**BILLION LAW**
1073 S. Governors Avenue
Dover, Delaware 19904
Phone: (302) 428-9400
Email:mbillion@billionlawgroup.com

*Counsel for Defendant*

IT IS SO ORDERED this _____ day of _____ , 2024.


_____
United States District Court Judge

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NO LABELS,

        *Plaintiff,*

    v.

NOLABELS.COM INC.,

        *Defendant.*

Case No. 1:23-cv-01384-GBW

## <u>EXHIBIT A TO STIPULATED PROTECTIVE ORDER</u>

_____ declares that:

I reside at _____ in the city of _____, County of _____, State of _____. My telephone number is _____ .

I am currently employed by _____ located at _____ and my current job title is _____.

I have read, and agree to be bound by, the Stipulated Confidentiality Order (the "Confidentiality Order") in this case captioned *No Labels v. NoLabels.Com Inc.*, Civ. Action No. 1:23-cv-01384-GBW in the United States District Court for the District of Delaware. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or

# EXHIBIT A

excerpt from a confidential document, and any notes or other document that contains information from a confidential document.

I shall not divulge any documents, or copies of documents, designated "Confidential" or "Attorneys Eyes Only" obtained pursuant to the Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents or the information contained in such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

I submit myself to the jurisdiction of the United States District Court for the District of Delaware for the purposes of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on _____          _____
                     (Date)                                        (Signature)

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that a true and correct copy of the foregoing document was filed with the

3  Court and electronically served through the CM-ECF system which will send a notification of

4  such filing to all counsel of record.

5

6  Dated: September 3, 2024                    NIXON PEABODY LLP

7

8                                              By: /s/Aaron M. Brian
                                                   Aaron M. Brian
9
                                                   Attorneys for Defendant
10                                                 NO LABELS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28